# LEECHBURG CO. v. JENNINGS BROS. & CO.

| 145      559
| 22 SC    10

### APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 2 OF ALLEGHENY COUNTY.

Argued November 10, 1891.—Affirmed at Bar.

In an action to recover for a foundry appliance, made for the defendants and delivered, an affidavit of defence averring that the appliance, contrary to instructions given to the plaintiff's superintendent, was made of improper material, that it was entirely unfit for its intended purpose and acceptance of it was refused, was sufficient to prevent summary judgment.

Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, and MITCHELL, JJ.

No. 322 October Term 1891, Sup. Ct.; court below, No. 195 October Term 1891, C. P. No. 2.

On August 17, 1891, the Leechburg Foundry & Machine Company brought assumpsit against Jennings Brothers & Co., Limited, filing a statement of claim to recover the sum of $253.40, for an annealing-box bottom, made for the defendants and delivered.

The defendants filed an affidavit of defence averring as follows:

" 1. The annealing-box bottom, for the price of which the suit is brought, was ordered by the defendants' manager, Mr. Goodsell. The order was written, but the instructions were oral and were given to Mr. Cochrane, who was then superintendent of the plaintiff's works. He came and took the measure in person, and was told to make the bottom of the same material as those which had formerly been furnished by the plaintiff to the defendants. When the bottom was delivered, it was examined by Mr. Goodsell and deponent, and found to be unfit for the purpose for which it was intended, and of improper materials, and unlike those formerly furnished by the plaintiff.

" An annealing bottom is a flat piece of iron about two to three inches thick, upon which are laid the sheets of steel which are to be annealed. A cover is then placed over the sheet of steel,

resting upon the box bottom, and the whole thing wheeled into a furnace, where the heat is turned on and the annealing box brought to a red heat. It is then removed and allowed to cool gradually; and the bottom must be of proper material to stand the expansion and contraction without cracking.

" The bottom should have been made of a soft gray iron, such as the former ones had been made of; but, instead of that, it was made of a hard white iron from scrap, which was entirely unfit for the purpose.

" 2. Upon discovering the character of the material in this box bottom, deponent notified Mr. Cochrane, the superintendent of plaintiff, who was present, that it was not right and that it would not be accepted. During the conversation with Mr. Cochrane, the men had allowed the bottom to drop from the car upon the ground, without deponent's knowledge, and he immediately gave notice to Mr. Cochrane that the firm would not accept it, and it was there subject to their order."

On October 6, 1891, a rule for judgment for want of a sufficient affidavit of defence having been argued, the rule was discharged without opinion filed. Thereupon, the plaintiff took this appeal, assigning the order for error.

*Mr. E. E. Craumer* (with him *Mr. Milliken*), for the appellant.

Counsel cited: Erie City v. Butler, 120 Pa. 374; Hebb v. Insurance Co., 138 Pa. 174; Peck v. Jones, 70 Pa. 83; Ogden v. Beatty, 137 Pa. 197; Class v. Kingsley, 142 Pa. 636; Campbell Co. v. Hering, 139 Pa. 473; Philadelphia v. Baker, 140 Pa. 11; Kerns v. Piper, 4 W. 222; Hays v. Lynn, 7 W. 524; Central Tel. & S. Co. v. Thompson, 112 Pa. 118; Union Ref. Co. v. Bushnell, 88 Pa. 89; Whiting v. Lake, 91 Pa. 349; Reaney v. Culbertson, 21 Pa. 507; Selden v. Neemes, 43 Pa. 421; Kaufman v. Mining Co., 105 Pa. 537; ·Gould v. Gage, 118 Pa. 559; Lord v. Ocean Bank, 20 Pa. 384; Black v. Halstead, 39 Pa. 64.

*Mr. W. K. Jennings*, for the appllees, was not heard.

The brief filed cited: Fritz v. Hathaway, 135 Pa. 274; Wall v. Dovey, 60 Pa. 213; Port Carbon Iron Co. v. Groves, 68 Pa. 149.

PER CURIAM:

On the argument at Bar,

Judgment affirmed.