## Simpson v. Karr, Appellant.

*Affidavit of defense—Sale—Sample.*

In an action to recover the price of madras shirtings, an affidavit of defense is sufficient which avers that the goods were sold by sample; that the plaintiffs expressly agreed that the goods should correspond with the sample; that the goods delivered did not correspond with the sample, were imperfect and unmerchantable, and defective in several particulars, specially enumerated, and that defendant immediately notified plaintiff of the defects and of his absolute rejection of the goods.

Argued Oct. 9, 1902. Appeal, No. 10, Oct. T., 1902, by defendants, from order of C. P. No. 4, Phila. Co., Dec. T., 1901, No. 1456, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Andrew Simpson, Jr., James D. Simpson and Frederick C. Simpson, trading as Simpson Brothers, v. Jacob A. Karr, trading as Jacob A. Karr & Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for goods sold and delivered.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Henry S. Borneman,* with him *Barnard Pockrass,* for appellant.—This was an executory contract of sale in which there

was an express warranty as to quality. The goods did not correspond with the sample as expressly agreed, and, therefore, the defendant had a right to refuse acceptance. This he did by giving prompt notice thereof to the plaintiffs: Fogel v. Brubaker, 122 Pa. 7 ; Jones v. Jennings Bros. & Co., 168 Pa. 493 ; Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224.

*Frederick A. Sobernheimer,* for appellee.—The affidavit of defense was insufficient : Ogden v. Beatty, 137 Pa. 197 ; Gould v. Gage, 118 Pa. 559 ; American Watch Tool Co. v. Reed Mfg. Co., 18 Pa. Superior Ct. 24.

OPINION BY WILLIAM W. PORTER, J., January 20, 1903 :

This action is brought for a balance unpaid on an alleged sale of certain madras shirtings. The court below entered judgment for the plaintiffs, holding the affidavit of defense insufficient. While the affidavit is inartificially drawn, yet does it contain allegations of fact which make out a prima facie defense. There is clear averment that the goods (for the price of which the action is brought) were sold by the plaintiffs by sample, and that the plaintiffs expressly promised and agreed that the goods should correspond in quality and color with the sample. Again it is averred that the first installment of goods delivered was imperfect, and, on being notified of this fact, the plaintiffs requested the defendant to use as much of the goods as he could, for samples, agreed that an allowance would be made and that the balance of the goods should be perfect and correspond with the sample. The defendant further alleges that when the next installment was delivered, the goods proved to be entirely imperfect and unmerchantable ; the weave knotty, the yarn dirty, the finish not up to the standard, the colors impure and blurred, the figures running into and covering one another, the pieces of goods broken into several parts, composed of remnants and unfit for manufacturing purposes for which the defendant bought and the plaintiffs sold, the goods. These averments are followed by another that the defendant immediately notified the plaintiffs of the defects and of his absolute rejection of the goods. He adds that $697.10 in cash paid to the plaintiffs before the delivery of the goods are still retained by the plaintiffs to the defendant's "detriment and loss." These averments in the

affidavit, if proven, would make out a case of breach of an executory contract of sale with express warranty as to quality. The goods are alleged not to correspond with the sample. The plaintiffs expressly agreed that they should. The defendant had a right to refuse to accept the goods. He says that he did this by giving prompt notice to the plaintiffs of his absolute rejection of them: Fogel v. Brubaker, 122 Pa. 7; Jones v. Jennings Bros. & Co., 168 Pa. 493; Tete Bros. v. Eshler, 11 Pa. Superior Ct. 224; Leechburg Co. v. Jennings Bros. & Co., 145 Pa. 559.

The judgment is reversed and a procedendo is awarded.