# Straus *v.* Welsh, Appellant.

*Affidavit of defense—Sale—Sample—Warranty.*

In an action to recover on a contract of sale of tobacco defendant filed an affidavit of defense in which he averred that he purchased the tobacco by sample; "that the agent of the plaintiff firm showed defendant a sample which defendant worked and ·examined, and the express understanding was that the tobacco ordered should be exactly like sample. When the tobacco was delivered by plaintiff, defendant discovered that the said tobacco, which he wished to use for wrappers, was not like sample in that a large part of the said leaf tobacco was broken and full of holes, which rendered it impossible to use it as wrappers, and some of it was so rotten that it fell off the stem. That the portion of the said tobacco so unfit for wrappers as aforesaid amounted to about 127 pounds, which, at the purchase price of 47½ cents per pound, amounted to $60.00. That, although the plaintiff agreed with defendant to furnish him with good wrapper tobacco, the 127 pounds defendant has not used, and cannot use, and it is a dead loss to him if he has to pay plaintiff the said $60.00." *Held,* that the affidavit of defense was sufficient to prevent judgment as to the $60.00 to which defense was made.

Argued Oct. 17, 1905. Appeal, No. 42, Oct. T., 1905, by defendant, from order of C. P. No. 1, Phila. Co., Dec. T., 1904, No. 1389, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Karl Straus and Adolph Loeb, trading as K. Straus & Company v. Frederick W. Welsh. Before Rice, P. J., Beaver, Orlady, Porter, Morrison and Henderson, JJ. Reversed.

Assumpsit for goods sold and delivered.

Rule for judgment for want of a sufficient affidavit of defense.

The material portions of the affidavit of defense were as follow :

Defendant avers that he purchased the said tobacco by sample. That the agent of the plaintiff firm showed defendant a sample which defendant worked and examined, and the express understanding was that the tobacco ordered should be exactly like sample. When the tobacco was delivered by plaintiff, defendant discovered that the said tobacco, which he wished to use for wrappers, was not like sample in that a large part of the said leaf tobacco was broken and full of holes,

which rendered it impossible to use it as wrappers, and some of it was so rotten it fell off the stems. That the portion of the said tobacco so unfit for wrappers as aforesaid, amounted to about 127 pounds, which, at the purchase price of forty-seven and one-half cents per pound, amounted to $60.00. That, although the plaintiff agreed with defendant to furnish him with good wrapper tobacco, the said 127 pounds defendant has not used, and cannot use, and it is a dead loss to him if he has to pay plaintiff the said $60.00.

That immediately after the delivery of the tobacco and the discovery of its condition defendant went to plaintiff's place of business, Nos. 301 and 303 North Third street, Philadelphia, and protested to Karl Straus, one of the plaintiffs, in regard to the quality of the said tobacco, and notified him that defendant would return the tobacco. Straus refused absolutely to take it back. Negotiations from time to time continued in reference to a settlement of the dispute, until, on October 3, 1904, defendant's wife went to the office of the plaintiff firm and had an interview with Adolph Loeb, one of the plaintiffs, and then and there the said Loeb told defendant's wife that he desired defendant to use all of the said tobacco that was suitable for use as wrappers, and that the firm would make the loss good to defendant. That, thereupon, acting on the faith of the said representations of the said Loeb, the defendant's wife paid $25.00 on account, and defendant proceeded to use what he could of the tobacco. That subsequently, on or about October 25, 1904, the said Loeb came to defendant's place of business, No. 1955 Germantown avenue, and asked defendant to allow him to see the said tobacco. That defendant thereupon took the said Loeb down into the cellar of said premises, and the said Loeb took some of the said tobacco out of the case and personally examined it and said: " It is not as sound as it ought to be; it is old tobacco."

That the amount actually due plaintiff is $88.90, which defendant is ready and willing and has offered, and is still offering, plaintiff in full settlement of the said account.

That the said Loeb agreed on the said October 3, 1904, that the plaintiff firm would make the loss occasioned defendant by the bad tobacco good, and that the amount of the said loss is $60.00, as aforesaid. That the name of the agent of the plain-

tiff firm who displayed the said sample and took defendant's order for the tobacco was George Kaufman.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*Warren P. Cogswell*, with him *Daniel J. Shern*, for appellant.

*Sidney L. Krauss*, *William A. Carr* and *W. Horace Hepburn*, for appellee.

OPINION BY MORRISON, J., November 20, 1905 :

This was a judgment for want of a sufficient affidavit of defense. The affidavits are not well drawn but they exhibit a substantial defense to $60.00 of plaintiff's claim.

To distinguish this case, in principle, from Simpson v. Karr, 22 Pa. Superior Ct. 8, and cases there cited, requires a refinement of criticism that we are not disposed to exercise in an endeavor to sustain a judgment for want of a sufficient affidavit of defense. If the affidavit and supplemental affidavit of defense state facts, and we must now assume that they do, the case should have gone to a jury as to all of the plaintiff's claim, except $88.00 and interest thereon.

The assignment of error is sustained and the judgment reversed, without prejudice, and a procedendo awarded, with leave to plaintiffs to move for judgment for $88.00, with interest thereon and costs, if they so desire, and they may go to trial for the balance of their claim.